IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER ARTHUR HORN, III,
    Petitioner,

vs.                                                          Case No.: 3:17cv100/MCR/EMT

FLORIDA DEPARTMENT OF CORRECTIONS
SECRETARY
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as premature, on the ground that Petitioner has not exhausted his state court remedies, because a post-conviction proceeding, in which Petitioner has presented the same claims he presents in the instant § 2254 petition, is still pending (ECF No. 25). Respondent requests dismissal of the § 2254 petition without prejudice to enable Petitioner to satisfy § 2254's exhaustion requirement (*id.*).

Petitioner filed a response conceding that his petition is premature because his claims are still pending review in state court (ECF No. 26). Petitioner requests that the court stay this federal proceeding until his state court remedies are exhausted (*id.*).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.

*See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the petition should be dismissed, without prejudice, for Petitioner's failure to satisfy the exhaustion requirement prior to commencing this federal habeas action.

I.    DISCUSSION

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364,

---

[1] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i)  there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 254(b)–(c).

Case No.: 3:17cv100/MCR/EMT

365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78. If a petitioner fails to exhaust state remedies, a district court should dismiss the petition without prejudice to allow exhaustion. See Rose v. Lundy, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010).

Here, Petitioner concedes he has not exhausted the state court remedies available to him (*see* ECF No. 26 at 2). He requests that the court "put his petition on hold" until he fully exhausts his claims (*id.* at 2–5).

The Supreme Court approved the use of a "stay and abeyance" procedure in certain instances where a "mixed" federal habeas corpus application contains both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 271, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). The Supreme Court held that a district court should grant a stay and abeyance of a mixed petition if: (1) the petitioner had "good cause" for failing to exhaust his habeas claims in state court; (2) the unexhausted

claims are "potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278.

Here, Petitioner has not presented the court with a "mixed petition," that is, one containing both exhausted and unexhausted claims. His petition asserts only unexhausted claims that are pending disposition in a Rule 3.850 proceeding in the state circuit court (*see* ECF No. 1 at 5–24; ECF No. 24 at 3–5, 7).

In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416–17, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005), the Supreme Court seemingly recognized that <u>Rhines</u> may apply in limited circumstances outside the context of a mixed petition. In <u>Pace</u>, the Court held that the statute of limitations for filing a federal habeas petition was not tolled during the pendency of a prisoner's untimely state post-conviction petition. *Id.* at 414–17. The petitioner argued that the time should be tolled because a petitioner might litigate his case in the state court for years in good faith only to later discover that his state petition was untimely and therefore his federal petition was barred by the statute of limitations. *Id.* In rejecting the petitioner's argument, the Supreme Court suggested:

> A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and [abate] the federal habeas proceedings until state remedies are exhausted. <u>A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court</u>.

Pace, 544 U.S. at 416 (citations omitted) (emphasis added).

As one district court in this Circuit held, "Pace does not support applying Rhines to all unmixed petitions, but rather only to those limited circumstance[s] in which a petitioner seeks to preserve his opportunity for federal habeas review because his federal claim might otherwise be time-barred due to his reasonable confusion about state filing requirements." Wright v. Oubre, 768 F. Supp. 2d 1277, 1281 (N.D. Ga. 2011). Here, Petitioner does not argue that he has any reasonable confusion about whether his state post-conviction filing was timely. To the contrary, he has filed his state post-conviction application and is simply waiting for his state remedies to be exhausted.

Because the instant petition is not a mixed petition and no basis exists for extending Rhines, the petition should be dismissed, not abated. *See, e.g.*, Wright, 768 F. Supp. 2d at 1282–83. Petitioner is advised that although the dismissal of his § 2254 petition is without prejudice to his filing a § 2254 petition once he has exhausted his state court remedies, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred. Petitioner is reminded that 28 U.S.C. § 2244(d) establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date

Page 6 of 8

upon which the conviction became final. *See* § 2244(d)(1). But the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted toward the limitations period. *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).[2] The pendency of a federal habeas proceeding does <u>not</u> toll the one-year limitations period. *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L.Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)) (emphasis added).

## II.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

---

[2] Petitioner's habeas petition challenges the judgment entered in the Circuit Court for Walton County Florida, Case No. 2012-CF-372 (*see* ECF No. 1). According to the state court record submitted by Respondent with the motion to dismiss, the Florida First District Court of Appeal affirmed Petitioner's conviction on August 12, 2016 (*see* ECF No. 24, Ex. F). *See* Horn v. State, 216 So. 3d 634 (Fla. 1st DCA 2016) (Table). Petitioner's conviction became "final," for purposes the federal limitations period, on November 10, 2016. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). The federal limitations period commenced the next day, on November 11, 2016. After only one (1) day of the federal limitations period elapsed, Petitioner filed, on November 12, 2016, an application for post-conviction relief in the state circuit court (*see* ECF No. 24, Ex. H). It appears that this post-conviction motion tolled the federal limitations period. On March 5, 2018, the state circuit court issued an order directing the State to respond, within ninety (90) days, to two of Petitioner's claims (*see id.*, Ex. P). The post-conviction motion is still pending (*see id.*, Ex. R).

Case No.: 3:17cv100/MCR/EMT

of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 24) be **GRANTED**.

2.   That Petitioner's § 2254 petition (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to exhaust state court remedies.

3.   That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of May 2018.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**